**Mrs. Alma Foster ATKINS, Appellant, v. J. O. BENDER, Collector of Internal Revenue, Appellee.**

Circuit Court of Appeals, Fifth Circuit. January 6, 1930.

Rehearing Denied January 30, 1930.

No. 5674.

W. Scott Wilkinson, of Shreveport, La. (C. Huffman Lewis and A. L. Burford, both of Shreveport, La., on the brief), for appellant.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La. (C. M. Charest, Gen. Counsel, and Frederick W. DeWart, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a suit to recover income taxes paid under protest. The jury was waived, and the court found against appellant on the facts and the law. The issues are extensively reviewed in the well-considered opinion of the District Court. 26 F.(2d) 690. We concur in the conclusions of the District Court.

Affirmed.

---

**Elwood BANFIELD et al., Appellants, v. UNITED STATES, Appellee.**

Circuit Court of Appeals, First Circuit. January 16, 1930.

No. 2410.

Robert G. Dodge, of Boston, Mass. (Laurence Curtis, 2d, of Boston, Mass., on the brief), for appellant Krafft.

Charles J. Campbell, of New York City, for appellant Banfield.

Henry M. Boss, Jr., U. S. Atty., of Providence, R. I.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

PER CURIAM. At the November term, 1927, the appellants, Banfield and Krafft, and four other persons were indicted in the district of Rhode Island, under sections 37 and 48 of the Criminal Code (18 USCA §§ 88, 101), for conspiring to "receive, conceal, aid in concealing and retain in their possession with intent to convert to their own use and gain, certain property of the United States which had theretofore been stolen, the same being postage stamps * * * knowing the same to have been so stolen." Three overt acts were set out.

Of the six persons indicted only the appellants and one John Conley were placed on trial. All three were found guilty and each was sentenced to pay a fine of $5,000 and to imprisonment for two years. Among the errors assigned is the refusal of the court, at the close of all the evidence, to direct the jury to return verdicts of acquittal, as to the appellants, on the ground that there was no evidence upon which they could be convicted of a conspiracy in the district of Rhode Island.

After careful examination of the evidence, we are of the opinion that the District Court erred in denying the motion.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion.